UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER MAKES HIM FIRST,<br><br>Defendant. | 5:18-CR-50053-KES<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant, Tyler Makes Him First, files a pro se motion for compassionate release[1] under 18 U.S.C. § 3582(c)(1)(A). Docket 71. Plaintiff, the United States of America, opposes the motion. Docket 74. For the following reasons, Makes Him First's motion for compassionate release is denied.

**DISCUSSION**

In § 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the

[1] Although the motion is captioned as a motion for sentence reduction, it alleges compassionate release as the grounds for relief.

warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-processing rule" that must be enforced if properly raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release[,]" but rather is "a claim-processing rule that may be waived or forfeited by the government").

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The United States contends that "[b]efore making this motion, Makes Him First did not submit a request to the warden of his facility." Docket 74 at 1. The United States argues that Makes Him First's only explanation for this is that "this is a completely legal question for a judge." *Id.* at 4. The United States requests that the court dismiss Makes Him First's motion because he has failed to exhaust his administrative remedies. *Id.* at 3-4.

The United States is correct. Makes Him First filed his motion using a form from the court. *See generally* Docket 71. On this form under Section IV, Makes Him First marked the box indicating "No, I did not submit a request for compassionate release to the warden." *Id.* at 3. In his explanation as to why he did not submit a request to the warden, Makes Him First states that "[i]t is a completely legal question for a judge." *Id.* He also indicates a second time when

asked if the warden had denied his request that "[n]o, I did not submit a request for compassionate release to the warden." *Id.*

Because Makes Him First has failed to exhaust all administrative remedies for the current motion, and the United States raised this issue, the court must dismiss Makes Him First's motion for compassionate release without prejudice. *See Houck*, 2 F.4th at 1084 ("courts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

**CONCLUSION**

Makes Him First failed to exhaust his administrative remedies. Thus, it is ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docket 71) is denied without prejudice.

Dated September 9, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE